# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GVCL VENTURES, INC., a corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>GOPETFRIENDLY.COM,<br><br>        Defendant. | 2:16-cv-02892-JAD-VCF<br>**ORDER** |

      Before the Court is the Motion to Withdraw as Attorney of Record for Plaintiff GVCL Ventures, Inc., and Counter-Defendant Gerald Neziol (ECF No. 64).

      Counsel asserts that Plaintiff and Counter-Defendants have failed to meet their financial obligations and this creates a financial hardship on counsel. *Id.*

      Discovery ends on July 13, 2018. (ECF No. 60). There are no pending motions and trial date has not been set.

**Discussion:**

      Under Local Rule 7-2(d), [t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Here, no opposition has been filed and the time to oppose has passed.

      Pursuant to Local Rule IA 11-6(b), "[n]o attorney may withdraw after appearing in a case except by leave of court after notice has been served on the affected client and opposing counsel." "Except for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result." LR IA 11-6(e). Nevada Rule of Professional Conduct 1.16(b)(5) provides that a lawyer may withdraw if the "client fails substantially to fulfill an obligation to the lawyer

regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Here, based on counsel's representation that Plaintiff and Counter-Defendants have failed to fulfill their financial obligation with their counsel, the Court permits counsel to withdraw. LR IA 11-6(b); NRPC 1.16(b)(5). The Court finds that permitting counsel to withdraw would not result in delay. LR IA 11-6(e).

28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally." *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Although individuals may represent themselves pursuant to this statute, a corporation is not permitted to appear in Federal Court unless it is represented by counsel. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). An individual also does not have the right to appear on behalf of anyone other than himself. *Pope*, 818 F.2d at 697. The Ninth Circuit has permitted motions to strike and motions to dismiss pleadings filed by pro se parties on behalf of entities including trusts. *Id.* at 698; *United States v. Nagy*, C11-5066BHS, 2011 WL 3502488 (W.D. Wash. Aug. 10, 2011). GVCL Ventures, Inc. may not proceed *pro se*, as corporations must be represented by counsel.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Withdraw as Attorney of Record for Plaintiff GVCL Ventures, Inc., and Counter-Defendant Gerald Neziol (ECF No. 64) is GRANTED.

IT IS FURTHER ORDERED that Mr. Gewerter must mail a copy of this order to GVCL Ventures, Inc. and Gerald Neziol.

IT IS FURTHER ORDERED that Mr. Neziol must either retain counsel or file a notice of appearing *pro se* on or before May 4, 2018.

IT IS FURTHER ORDERED that GVCL Ventures, Inc. file a notice of appearance of counsel on or before May 4, 2018.

IT IS FURTHER ORDERED that Mr. Neziol and GVCL Ventures, Inc. must file with the Court written notification of any change of address.

The Clerk of Court is directed to mail a copy of this Order to the following address(es):

GVCL Ventures, Inc.
133 No. Pompano Beach, Ste. 910
Pompano Beach, FL, 33062

Gerald Neziol
133 No. Pompano Beach, Ste. 910
Pompano Beach, FL, 33062

DATED this 28th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE