# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GVCL VENTURES, INC., a corporation<br><br>Plaintiff,<br><br>vs.<br><br>GOPETFRIENDLY.COM, LLC, a limited liability company; DOES I-X inclusive; and ROE CORPORATIONS XX-XXX, inclusive,<br><br>Defendants. | 2:16-cv-02892-VCF<br><br>**ORDER**<br><br>MIKE DILLON'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND STAY ENFORCEMENT [ECF NO. 94] |
| GOPETFRIENDLY.COM, LLC, a limited liability company,<br>Counterclaim-plaintiff,<br>vs.<br><br>GVCL VENTURES, INC., a Delaware corporation; REGISTERED EXPRESS CORPORATION, a Nevada corporation; REGISTERED EXPRESSINTERNATIONAL CORPORATION, a Nevada corporation; PROACTIVE PET PRODUCTS, INC., a Nevada corporation; DIGITAL AIRO, INC., a Nevada corporation; JOHN TAYLOR, an individual; MIKE DILLON, an individual; GERALD NEZIOL, an individual; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br>Counterclaim-defendants. | |

Before the Court is counter defendant Mike Dillon's motion to set aside default judgment and stay enforcement (ECF No. 94). The Court grants Dillon's motion in part.

**I.      Background**

On August 22, 2018, the Court referred this case to the undersigned magistrate judge because the then appearing parties (GoPetFriendly, GVCL Ventures, and Gerald Neziol) consented to the magistrate judge's jurisdiction pursuant to 28 U.S.C.S. § 636. (ECF No. 71). On October 16, 2019, the then appearing parties settled (per the Court's order enforcing the settlement). (See ECF Nos. 84 and 85).

On March 8, 2018, the Clerk entered default against multiple parties, including Michael Dillon. (ECF No. 63). On January 10, 2020, this Court entered default judgment. (ECF No. 88). Dillon argues in his motion to set aside the default judgment and stay enforcement that this Court should set aside the default judgment entered against him either as void for lack of personal jurisdiction or because extraordinary circumstances justify such relief. (ECF No. 94 at 1). Dillion argues that the judgment is void because GoPetFriendly did not exercise diligence to find or contact Dillion. (*Id.*) Dillion also alleges that GoPetFriendly had his cell phone number for over a year before it filed its motion for default judgment, but it did not attempt to contact him to provide notice of it until it was ready to collect the judgment. (*Id.* at 2).

GoPetFriendly admits that it had Dillion's cell phone number before it filed its motion for default judgment. (ECF No. 95 at 9). GoPetFriendly does not address in its response whether it ever attempted to contact Dillion via his cell phone prior to filing its motion for default judgment. GoPetFriendly argues that Dillion was difficult to locate because he has a common name. (*Id*. at 2).  GoPetFriendly also alleges that Dillion evaded service and his whereabouts remained unknown until GoPetFriendly engaged a collections attorney to execute on the default judgment, who had far greater resources and was able to track Dillon down. (*Id.* at 3). GoPetFriendly also argues that if the Court grants Dillion's motion that Dillion should post a bond in an amount of at least 1.5 times the amount of the judgment against him for

no less than $588,000 (based on the approximately $392,000 due on the date the writ of execution was issued). (*Id*.)

Dillion argues in his reply that he had no actual notice of this lawsuit and he did not evade service; he also notes that GoPetFriendly did not raise evasion of service in its motion for publication (but raises it for the first time in its opposition). (ECF No. 96 at 2 citing to ECF No. 53). Dillion asks the Court to set aside the entry of default and the default judgment and stay enforcement of the judgment without bond. (ECF No. 96 at 12).  Dillion also notes that GoPetFriendly's argument that the collections attorney it retained is a sole practitioner, thus its assertion that a sole practitioner had more resources than Marquis Aurbach is unsubstantiated. (*Id*.)

On April 6, 2021, the Court held a hearing on Dillion's motion. (ECF No. 99). At the hearing, Dillion argued that the Court should set aside both the default[1] and the default judgment. GoPetFriendly admitted at the hearing that it did not attempt to contact Dillion via his cell phone number prior to moving for default judgment. On April 16, 2021, the Court referred this case to the undersigned magistrate judge because Dillion also consented to the magistrate judge's jurisdiction.[2] (ECF No. 101).

**II.    Legal Standard**

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FRCP 55(c). FRCP 60(b) provides that "[o]n motion and just terms, the court may relieve a party… from a final judgment, order, or proceeding … [if] the judgment is void; …

---

[1] Since Dillion did not make an appearance until after the entry of default judgment, the Court denies Dillion's motion to the extent that it seeks relief under FRCP 55(c) (i.e. setting aside the default) because, "[o]nce default judgment has been entered, relief is governed by Rule 60(b)." *Brandt v. Am. Bankers Ins. Co*., 653 F.3d 1108, 1111 (9th Cir. 2011).

[2] "The consent of the parties allows a [magistrate judge] designated to exercise civil jurisdiction…to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure." 28 USCS § 636(c). Per Local Rule I-B 2-1, "[u]pon the written consent of the parties and a reference of a civil case by the district judge to a magistrate judge, a magistrate judge may conduct any or all proceedings in the case, including the conduct of a jury or non-jury trial, and may order the entry of a final judgment under 28 U.S.C. § 636(c)."

[or for] any other reason that justifies relief." "A motion under Rule 60(b) must be made within a reasonable time[.]" FRCP 60(c)(1).

"[T]he defendant moving to have a default judgment set aside under Rule 60(b) has the burden of proving that he is entitled to relief." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165–66 (9th Cir. 2007). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) (citation omitted). Federal Rule of Civil Procedure 62(b) states that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

**A. Whether the default judgment is void per FRCP 60(b)(4)**

"A final judgment is void, and therefore must be set aside under [FRCP] 60(b)(4), only if the court that considered it lacked jurisdiction over the parties to be bound." *SEC v. Internet Sols. for Bus., Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007)(citing *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999)) (quotations omitted). Motions under FRCP 60(b)(4) "differ markedly" from the ones brought "under other clauses of Rule 60(b)." *MetroPCS v. A2Z Connection, LLC*, 2018 U.S. Dist. LEXIS 134177, 13 (D. Nev. August 9, 2018), citing to *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980). "There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4)." *MetroPCS, 2018 U.S. Dist. LEXIS 134177* at 13.

"An individual...may be served…by [ ] following state law[.]" FRCP 4(e). "[W]hen the person on whom service is to be made…cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof… [a] judge may grant an order that the service be made by

publication of the summons." NRCP 4(e)(1)(i) (2017).[3] "The diligence to be pursued and shown is that which is reasonable under the circumstances and not all possible diligence which may be conceived." *Abreu v. Gilmer*, 115 Nev. 308, 313, 985 P.2d 746, 749 (1999). "Due diligence must be tailored to fit the circumstances of each case." *Id.* "The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records." *Id.* "[D]ue diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Id.*

Dillion has not met his burden to show that the judgment is void based on lack of service of process. GoPetFriendly's efforts were appropriate and reasonably calculated to accomplish service on Dillion because it attempted to serve him at his last (and only) known address in Las Vegas. (ECF 44-2 at 2). GoPetFriendly reviewed reports that identified Mike Dillion as the President and CEO of Proactive Pet Products (the former name of GVCL Ventures Inc.) which included the same Las Vegas address. (*Id.*). GoPetFriendly communicated with GVCL's attorney and did not obtain Dillion's updated address from GVCL's counsel. (*Id.*) GoPetFriendly communicated with GVCL's transfer agent and confirmed that the only address that Dillion provided was the same Las Vegas address. (*Id.*) Measuring GoPetFriendly's efforts to locate and serve Dillion, and considering the circumstances of this case, the Court finds that GoPetFriendly made genuine efforts to locate and serve Dillion, and thus exercised due diligence before resorting to service by publication. The default judgment in this case is not void for lack of personal jurisdiction.

### B. Whether any other reason justifies relief

"In deciding whether to set aside a default judgment [under Rule 60(b), excluding 60(b)(4)], courts are guided by two policy concerns: '[1] Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied [and 2] judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *MetroPCS v. A2Z*

---

[3] This version of NRCP 4 applied when GoPetFriendly moved for service by publication.

1  *Connection, LLC*, 2018 U.S. Dist. LEXIS 134177, 13 (D. Nev. August 9, 2018), citing to *Falk v. Allen*,
2  739 F.2d 461, 463 (9th Cir. 1984). The good cause analysis considers three factors: (1) whether
3  defendant engaged in culpable conduct that led to the default judgment; (2) whether the defendant has
4  presented a meritorious defense[4]; or (3) whether reopening the default judgment would prejudice
5  plaintiff. *Id.* These factors are applied disjunctively so any one of them, "is a sufficient reason for the
6  district court to refuse to set aside the default [judgment]." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th
7  Cir. 1988). The movant bears the burden of demonstrating that these factors favor setting aside the
8  default. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), overruled on other
9  grounds, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 121 S. Ct. 1322, 149 L. Ed. 2d 264 (2001).

10  "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of
11  the action and intentionally failed to answer." *TCI Group Life Ins.*, 244 F.3d at 697 (quotation marks and
12  quoted reference omitted). "A defendant seeking to vacate a default judgment must present specific facts
13  that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not
14  extraordinarily heavy." *United States v. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010), citing to *TCI Grp.*
15  *Life Ins.*, 244 F.3d at 700. To determine whether the plaintiff would be prejudiced if the default
16  judgment is set aside, "[t]he standard is whether his ability to pursue his claim will be hindered." *Falk*,
17  739 F.2d at 463. Setting aside a default must do more than simply delay resolution of the case to be
18  considered prejudicial to the plaintiff. *TCI Group Life Ins*, 244 F.3d at 701. The delay must result in
19  some tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater opportunity
20  for fraud or collusion." *Id.* (quotation omitted).

21

---

22  [4] The parties both argue in their briefing that a 1988 US Supreme Court eliminated the third factor requiring a defendant to present a meritorious defense. (See ECF Nos. 94 at 7 and 95 at 9 *Peralta v. Heights Med. Ctr., Inc.*,
23  485 U.S. 80, 86–87 (1988). But the Ninth Circuit, and other judges in our district, have considered the meritorious defense factor since *Peralta*. "To satisfy [the meritorious defense] requirement, defendants need only allege
24  sufficient facts that, if true, would constitute a defense." *MetroPCS v. A2Z Connection, LLC*, 2018 U.S. Dist. LEXIS 134177 6 (D. Nev. August 9, 2018) (internal quotes and citations omitted); *TCI Grp. Life Ins. Plan v.*
25  *Knoebber*, 244 F.3d 691, 693 (9th Cir. 2001).

The culpability factor weighs in Dillion's favor because he swears that he has had the same phone number for 15 years, GoPetFriendly had his cell phone number before it sought the default judgment (and it admits it did not contact him), he was only the interim president, he has lived in Garderville, Nevada for 20 years (service by publication was in Las Vegas), and he declares he had no actual notice about the lawsuit (he says he learned about the lawsuit for the first time in October 2020 when his wages were garnished). (ECF No. 94-1 at 2). Since Dillion has the burden, the Court assumes that Dillion's sworn statement is true for the purposes of this motion only. Since Dillion addresses when he learned about this case here, the Court also finds that Dillion's motion to set aside is timely because he brought it within a reasonable amount of time after he allegedly learned of the case. The culpability factor thus favors Dillion.

Based on the bare facts in Dillion's declaration, Dillion has met the "not extraordinarily heavy" burden of presenting a potentially meritorious defense regarding damages because he alleges that he was only interim president from October 2015 through September 2016. (ECF No. 94-1 at 2). Contrast: GoPetFriendly alleged that Dillion should be held personally liable for the period of August 2015 through September 2016. (See ECF No. 73 at 19). Although the parties did not fully brief this factor given their interpretation of *Peralta*, the discrepancy regarding the timing of Dillion's term as interim president presents a potentially meritorious defense regarding damages which militates in Dillion's favor. Dillion alleges that GoPetFriendly will not be prejudiced if the Court sets aside the default judgment, but Dillion has not presented any arguments regarding whether discoverable material or evidence has been maintained. Dillion has not met his burden to show that GoPetFriendly will not be prejudiced so this factor weighs in favor of GoPetFriendly. Since prejudice weighs in GoPetFriendly's

favor, the Court is free to refuse to set aside the default judgment, but the Court maintains its discretion and is not precluded from setting aside the default judgment.[5]

Weighing these factors in light of the facts Dillion presents, however, Dillion has met his burden pursuant to 60(b)(6)'s catch-all provision (for any other reason that justifies relief). Dillion's evidence that GoPetFriendly had his cell phone number (and GoPetFriendly's admission that it did not attempt to contact him) long before it moved for default judgment constitutes a showing of extraordinary circumstances that create a substantial danger that the underlying judgment is unjust. Since Rule 60(b) is meant to be remedial and should be applied liberally, Dillion has made a good cause showing that the Court should set aside the default judgment.

The Court denies GoPetFriendly's request for a bond because the Court sets the default judgment aside. Since the judgment is set aside there is no reason to stay enforcement. The Court also denies the parties' request for attorney's fees. Since damages are at issue[6], the Court orders the party to meet and confer regarding damages before GoPetFriendly files a new motion for default judgment.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mike Dillion's motion to set aside default judgment and stay enforcement (ECF No. 94) is granted in part: the default judgment is set aside. The motion is DENIED in all other respects.

IT IS FURTHER ORDERED that the parties have until Thursday, May 6, 2021 to meet and confer regarding damages.

---

[5] See *MetroPCS v. A2Z Connection, LLC*, 2018 U.S. Dist. LEXIS 134177, 5 (D. Nev. August 9, 2018)(Finding that defendants had not shown that MetroPCS would not be prejudiced but still setting aside default judgment.); see also *Brandt v. Am. Bankers Ins. Co*., 653 F.3d 1108 (9th Cir. Wash. August 10, 2011).

[6] "[A]fter the entry of default, the complaint's factual allegations are taken as true, except those relating to damages." *MetroPCS v. A2Z Connection, LLC*, 2018 U.S. Dist. LEXIS 134177, 5 (D. Nev. August 9, 2018); citing to *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

IT IS FURTHER ORDERED that GoPetFriendly has until Thursday, May 20, 2021 to file a new motion for default judgment.

The Clerk of Court is directed to REOPEN this case for further proceedings consistent with this order.

DATED this 22nd day of April 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE